## LOONEY v. EVANS.

(Court of Civil Appeals of Texas. Austin. Oct. 22, 1913.)

1. CONTRACTS (§ 248*) — MODIFICATION — INTENT OF PARTIES—QUESTION FOR JURY.

Defendant leased to plaintiff part of a farm for a third of the crop, agreeing also to pay him $250 for supervision of the five tenants of the rest of the farm, who were to pay half the crop. Three of the other tenants having left, plaintiff agreed with defendant to take over their land on the basis of half crops. At the end of the season settlement was made of the crops, nothing being said as to the $250. Nothing was said as to the $250 when plaintiff took over the additional land. Held, that whether plaintiff was entitled to the $250 depended on the intent of the parties when the contract was made by which plaintiff took over the abandoned land, which intent was a question for the jury.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1140; Dec. Dig. § 248.*]

2. CONTRACTS (§ 346*)—ACTIONS—QUANTUM MERUIT—PLEADING.

Where defendant leased land to plaintiff on terms different from those of his other tenants, agreeing to pay plaintiff $250 per year for services in superintending the others, and the parties modified the contract by leasing to plaintiff land abandoned by some of the others on the same terms as they had held under, a petition in an action for such services, alleging the performance of services, of supervision, that plaintiff earned much more than the amount of $250,

and praying for all relief to which he might be entitled, raises the issue of quantum meruit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

Appeal from Milam County Court; John Watson, Judge.

Action by Mark Evans against Ike Looney. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. A. Morrison, of Cameron, for appellant. U. S. Hearrell, of Cameron, for appellee.

JENKINS, J. Appellant owned a farm of 650 acres in Milam county. In the fall of 1910, he made a verbal contract with appellee, wherein he rented to appellee 50 acres of said farm for one-third and one-fourth of the crop. The remainder of the farm was rented to five other tenants upon the "halves"; that is to say, appellant furnished the teams, tools, and feed, and these tenants were to cultivate the land for one-half of the crop. In said contract with appellee, appellant agreed to pay him $250 for looking after his interest in the remainder of the farm, and to see that the tenants properly cultivated the land. In April, 1911, three of the tenants who had leased 240 acres of the land upon the "halves" left the premises, and appellee agreed with appellant that he would take over their land and cultivate it upon the same terms as the other tenants. He did so, and at the end of the year had a settlement with appellant as to rents, in which he retained one-third of the crop on 50 acres and one-half of the crop on 240 acres. Nothing was said at the time he took over the 240 acres, nor at the time of the settlement of said rents, as to the $250 to be paid him under the original contract. Appellee presented his account for $250 after the 1st of January, 1911, and appellant refused to pay the same, upon the ground that the original contract had been canceled by reason of the second contract above referred to.

[1] There was a judgment for appellee for $250. As to whether or not appellee was entitled to recover the $250 depends upon the intention of the parties in making the second contract, and this issue should be submitted to the jury under appropriate charge.

[2] The evidence raises the issue of quantum meruit. Appellee did not specifically sue upon quantum meruit, but he did allege his services in looking after the crops raised by the two remaining tenants, as well as his services prior to April, 1911, and alleged that he earned much more than the amount of $250 in his attention and labor for and in behalf of the defendant. His prayer was for $250, and "all relief, in law or in equity, he may be entitled to." While it would be more satisfactory in a case like this, where under the facts alleged a party may be entitled either to the amount sued for under the

contract or upon quantum meruit, to more specifically set out his claim upon quantum meruit, still we are inclined to the opinion that the pleadings in this case were sufficient to have demanded the submission of the issue upon quantum meruit. The court instructed the jury that there was no pleading on the part of the plaintiff to justify or warrant a finding on quantum meruit, and that they should return a verdict for the defendant as to that issue. In this we think there was error.

For the reason that the evidence is not sufficient to sustain the judgment, and that the testimony did not fully develop the intention of the parties in making the second contract, the judgment in this case is reversed, and the cause remanded.

Reversed and remanded.